(50 Misc. Rep. 311)

### SHALET v. RAUCH.

(Supreme Court, Appellate Term. April 24, 1906.)

LANDLORD AND TENANT—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—
GROUNDS.

　　After several assignments of a lease reserving a certain monthly rental, the landlord demanded a greater rental from the final assignee, and brought proceedings to dispossess him for nonpayment of the full amount demanded. *Held*, that the tenancy being thereby admitted and there being no showing of any leasing to defendant save the assignment to him,

contentions on the part of the landlord that the lease was terminated by reason of the surrender by one of the intermediate assignees, in pursuance of a condition contained in the original lease, and that the lease to the one under whom defendant directly claimed was invalid, were of no avail, and defendant was only required to pay the rent reserved in the original lease.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Paul Shalet against Max Rauch. From an order in favor of the tenant, the landlord appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Herman Gettner, for appellant.

SCOTT, P. J. The landlord (appellant) seeks to dispossess the tenant for the alleged nonpayment of $80, being $40 each for the months of December, 1905, and January, 1906. The property formerly belonged to one Moses M. Valentine, who executed a lease of the entire property to one Harris Krakauer in March, 1904, for a term expiring January 31, 1907. This lease was assigned to Abraham Brandman on August 28, 1904, and by him to Abraham Saperstein on March 28, 1905. On September 1, 1905, Saperstein leased the portion of the building now occupied by the respondent to one Samuel Holtz for the term of one year and eight months from September 1, 1905, at the yearly rental of $720, payable in equal monthly installments of $60 in advance on the first of each month. Holtz in turn assigned this lease to the tenant (respondent), who went into possession, and was in possession when plaintiff acquired title to the property. The landlord (appellant) at once insisted that he should receive $100 a month rent for the premises. He accepted $60 on account of the December rent, and $50 on account of the January rent; the tenant offering and standing ready to pay the remaining $10. This proceeding is instituted for the $40 a month which the landlord claims he should receive over and above the $60 reserved by the lease. The appellant's brief is mainly devoted to showing that plaintiff's lease was terminated by reason of a surrender by Saperstein to Valentine in pursuance, as it is said, of a condition contained in the original lease from Valentine to Krakauer, and to contending that Saperstein's lease to Holtz was invalid. The discussion of these questions is irrelevant, because this is a proceeding for nonpayment of rent, which necessarily admits and recognizes the respondent's status as a tenant, and not a hold-over proceeding. If the respondent is the tenant of the premises, as the petition alleges, it must be under the lease from Holtz, since no other tenancy or agreement to hire is shown. Under that lease, she is required to pay only $60 per month, and there is no warrant for the landlord's claim to more.

The final order was right, and should be affirmed, with costs. All concur.